DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, William Nieves, appeals from his conviction of assault on a police officer in the Lorain County Court of Common Pleas. This Court affirms.
 I. {¶ 2} On May 27, 2002, at approximately 11:30 p.m., Lorain police officers Shawn Petty and Fred Breeding were dispatched to 1816 East 33rd Street in response to a report that a man was threatening family members with a knife. When the officers arrived, they learned that Nieves, who lived at the residence, was inside the house with another family member. The officers stood on the back porch, just outside the kitchen, and called to Nieves. Nieves appeared on the other side of the kitchen with a large knife in his hand Petty drew his weapon and ordered Nieves to drop the knife. Nieves continued to hold the knife and was "rambling on, something about dark angels and God."
 {¶ 3} Nieves then disappeared into another room. The officers stayed on the back porch, attempting to call Nieves out of the house to talk to them. The officers did not enter the house because they were uncertain where Nieves had gone and they did not know whether he had more weapons in the house.
 {¶ 4} Nieves reappeared approximately three or four minutes later, with his hands behind his back. The officers stood in the doorway, maintaining a minimum distance of 21 feet, as they had been trained to do for their own protection when dealing with a suspect who is armed with a knife. The officers told Nieves to show his hands to make sure that he was no longer holding the knife, but Nieves did not comply. Instead, Nieves suddenly charged at the officers, swinging his arms, hitting Breeding once. Petty grabbed one of Nieves' arms and Breeding struck his other arm with an expandable baton, trying to knock the knife from Nieves' hand if he was still holding it. The momentum of Nieves running at the officers knocked all three men off the porch. Breeding sustained injuries to both of his knees on the concrete at the bottom of the porch steps. It was not until the officers handcuffed Nieves that they were able to determine that he no longer had the knife in his possession.
 {¶ 5} Nieves was indicted on charges of intimidation, domestic violence, carrying a concealed weapon, and assault on a police officer. Only the charge of assault on a police officer ultimately went to the jury. The jury found Nieves guilty and the trial court convicted and sentenced him accordingly. Nieves appeals and raises one assignment of error.
 II. Assignment of Error
"The finding that defendant was guilty of assault on a police officer, a violation of R.C. 2903.13(A)[,] was against the manifest weight of the evidence and contrary to law."
 {¶ 6} Nieves contends that his conviction was against the manifest weight of the evidence. When a defendant asserts that his conviction is against the manifest weight of the evidence,
"an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Otten (1986),33 Ohio App.3d 339, 340.
 {¶ 7} This discretionary power should be invoked only in extraordinary circumstances when the evidence presented weighs heavily in favor of the defendant. Id.
 {¶ 8} Nieves was convicted of assault pursuant to R.C.2903.13(A), which provides that "[n]o person shall knowingly cause or attempt to cause physical harm to another[.]" Because the victim was a police officer, the assault was a felony of the fourth degree. See R.C. 2903.13(C)(3).
 {¶ 9} Nieves contends that the jury lost its way in finding that he knowingly caused or attempted to cause harm to a police officer. He insists that Officer Breeding's injuries were accidental, resulting from an inadvertent fall off the porch. R.C. 2901.22(B) provides that "[a] person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature." "A defendant's state of mind may be inferred from the totality of the surrounding circumstances." State v. Harper
(Mar. 29, 2000), 9th Dist. No. 19632.
 {¶ 10} The circumstances surrounding this incident were as follows. Police officers received information that Nieves had been threatening family members with a knife. Shortly after the officers arrived, Nieves appeared with a knife in his hand and did not comply with one of the officer's order to drop the knife. After Nieves left the room briefly, he reappeared with his hands behind his back, leaving the officers to question whether he still was holding a knife. Nieves did not comply when the officers asked him to show his hands but instead charged at them, from a distance of more than 21 feet. Nieves was swinging his arms as he ran at the officers. Had the officers not made defensive moves by grabbing one of his arms and striking the other arm with an expandable baton, Nieves likely would have swung and hit one or both of them. Moreover, because the officers were standing in the doorway on the back porch, with little room to move or time to react, it can be inferred that Nieves was aware that charging out through the back door at them was likely to knock one or both of them off the porch and that injury would likely result from the fall. The jury did not lose its way in concluding that Nieves knowingly caused or attempted to cause injury to a police officer. The assignment of error is overruled.
 III. {¶ 11} The assignment of error is overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Carr, P.J., Slaby, J., Concur.